# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1116V
Filed: March 18, 2019
UNPUBLISHED

|  |  |
|---|---|
| BEVERLY TOWNE,<br><br>                          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                          Respondent. | Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Verne E. Paradie, Jr., Paradie, Sherman, et al., Lewiston, ME*, for petitioner.
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 8, 2016, Dr. Beverly Towne ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries caused by a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine she received on December 23, 2015. Petition at 1-2. On November 19, 2018, the undersigned issued a decision based on the parties' stipulation. ECF No. 39.

On January 17, 2019, petitioner filed a motion for attorney's fees and costs. ECF No. 44. Petitioner requests attorney's fees in the amount of $14,185.00 and attorney's

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $1,792.88.  ECF No. at 44-1 at 5.  Additionally, in accordance with General Order #9, petitioner's counsel represented that petitioner incurred $288.60 in out-of-pocket expenses.  ECF No. 44 at 1.  Thus, the total amount requested is $16,266.48.

On March 5, 2019, respondent filed a response to petitioner's motion.  ECF No. 45.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.     Reasonable Attorney Fees

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings."  *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008).  The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009).  It is the petitioner who bears the burden of adequately documenting the fees and costs.  *Rodriguez*, 2009 WL 2568468, at *8.

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to

reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges"). Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted). In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl. at 315. It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

## II. Hourly Rates

### A. Verne E. Paradie, Jr.

Petitioner requests compensation for attorney Verne E. Paradie, Jr. at the rate of $350 per hour[3] for work performed from 2016 – 2018. ECF No. 44-1. In prior cases in the Vaccine Program, Mr. Paradie billed at the hourly rate of $300 for work performed in 2016 and 2017. *See Mondello v. Sec'y of Health & Human Servs.,* No. 15-0972V, 2018 WL 1834189, (Fed. Cl. Spec. Mstr. Mar. 20, 2018) and *Caron v. Sec'y of Health & Human Servs.,* No. 15-0777V, 2018 WL 2772496, (Fed. Cl. Spec. Mstr. May 7, 2018). Mr. Paradie has failed to provide an affidavit supporting the reasons for an increase in his hourly rate from $300 to $350 per hour. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program, Section X: Attorneys' Fees and Costs, Chapter 3 (B)(1)(a)-(c). Because there is an inadequate basis for the increased rate, the undersigned reduces Mr. Paradie's rate to that of $300 per hour as previously awarded. Therefore, the request for attorney's fees is reduced by **$1,935.00**.[4]

## III. Travel Time

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use

---

[3] Mr. Paradie's hourly rate was not listed in the billing records or in a supporting affidavit. His rate was calculated from the billing invoices submitted.

[4] This amount consists of $350 - $300 = $50 x 38.7 hrs = $1,935.00.

3

this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* Mr. Paradie billed 3.7 hours for travel from Portland, Maine to Washington D.C. to attend the April 2018 hearing. ECF No. 44-1 at 3. For the reasons stated above, the hours billed as travel will be reduced by 50 percent. This reduces the request for attorney's fees in the amount of **$405.00**.[5]

### IV. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-010V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing *Rochester*, 18 Cl. Ct. at 387). A total of 4.7 hours was billed on tasks considered administrative including, opening files, faxing documents, scanning, and sending documents. Examples of these entries include[6]:

- July 21 (0.30 hrs) "Open File"
- September 13, 2016 (0.10 hrs) "Fax: Request Medical Records from Freeport Medical Center"
- September 13, 2016 (0.10 hrs) "Fax: Request Medical Records from Greater Brunswick Physical Therapy"
- September 29, 2016 (0.50 hrs) "Redact Medical Records, Scan as Exhibits, Bates Stamp Exhibits and start Table of Contents"
- October 25, 2016 (0.40 hrs) "Redact Medical Records, Scan as Exhibits, Bates Stamp Exhibits and start Table of Contents"

ECF No. 44-1 at 1-2.

The undersigned reduces the request for attorney fees by **$470.00**[7], the total amount of the tasks considered administrative.

### V. Costs

---

[5] This amount consists of the already reduced rate of $300 x 2.7 hrs = $810.00 / 2 = $405.00.

[6] These are merely examples and not an exhaustive list.

[7] This amount consists of 4.7 hrs x $100.00 = $470.00.

4

Petitioner requests reimbursement for costs incurred by Mr. Paradie in the amount of $1,792.88. ECF No. 44-1 at 5. After reviewing the billing invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

The amount of $288.60 personally incurred by the petitioner is found to be reasonable and will be paid in full.

## VI. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Petitioner's motion for attorney's fees and costs is **GRANTED IN PART** as follows:

**Attorney's Fees:**

| | |
|---|---|
| Total Requested: | $14,185.00 |
| Less Rate Adjustment for Verne E. Paradie, Jr.: | ($1,935.00) |
| Less Travel Time: | ($ 405.00) |
| Less Administrative Time: | ($ 470.00) |
| Total Attorney's Fees: | $11,375.00 |

**Attorney's Costs:**

| | |
|---|---|
| Total Requested: | $ 1,792.88 |
| Total Attorney's Costs: | $ 1,792.88 |
| | |
| Petitioner's Costs Awarded: | $   288.60 |
| | |
| **Total Fees and Costs Awarded:** | **$ 13,456.48** |

**Accordingly, the undersigned awards the total of $13,456.48[8] as follows:**

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

5

- **A lump sum of $13,167.88 , representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Verne E. Paradie, Jr.; and**

- **A lump sum of $288.60, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.